IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

|  |  |
|---|---|
| ZUHAILLY S. EDWARDS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PARAMOUNT RESIDENTIAL MORTGAGE CORPORATION, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 3:22-cv-63-TCB |

## **O R D E R**

This case comes before the Court on Magistrate Judge Russell G. Vineyard's final report and recommendation (the "R&R") [29], which recommends granting in part and denying in part[1] Plaintiffs' motion [19] to voluntarily dismiss this action and dismissing this action with prejudice. No objections have been filed.

---

[1] Specifically, Plaintiffs seek dismissal without prejudice. Defendant contends—and the R&R agrees—that dismissal should be with prejudice.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[2]

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate judge's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate judge's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful and complete review of the R&R and finds no clear error in its factual or legal conclusions. Accordingly, the Court adopts as its Order the R&R [29]. Plaintiffs' motion [19] for voluntary dismissal is granted in part and denied in part. This action is dismissed with prejudice, and the Clerk is directed to close this case.

IT IS SO ORDERED this 18th day of April, 2023.

Timothy C. Batten, Sr.
Chief United States District Judge